E-FILED
Friday, 10 April, 2026 03:59:53 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| YOUSSOU DIOP, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br>v.<br><br>DOT FOODS, INC. and DOT TRANSPORTATION, INC.,<br><br>Defendants. | Case No. 3:26-CV-3019 |
| KENNY HUNT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOT FOODS, INC. and DOT TRANSPORTATION, INC.,<br><br>Defendants. | Case No. 3:26-CV-3021 |
| ROBERT DUDENBOSTAL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOT FOODS, INC. and DOT TRANSPORTATION, INC.,<br><br>Defendants. | Case No. 3:26-CV-3023<br><br>Magistrate Judge Douglas J. Quivey |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY ALL PROCEEDINGS**

Plaintiff Youssou Diop ("Diop") is an employee of Dot Foods, Inc. and Dot Transportation, Inc. (collectively, "Defendants"). As a condition of his employment, Diop executed an agreement requiring him to arbitrate any disputes arising out of, or related to, his employment ("Arbitration Agreement"). Diop is now a named plaintiff in a class action against Defendants alleging that Defendant failed to adequately protect employee information in a data breach. Defendants move to compel arbitration of Diop's claims because they arise directly from his employment by Defendants and thus fall squarely within the scope of the Arbitration Agreement. Further, because this is a putative class action in which plaintiffs assert claims premised on common questions of law and fact, Defendants request that the Court stay proceedings as to all Plaintiffs pending the outcome of Diop's arbitration.

**Background**

As a condition of his employment with Defendants, Diop executed the Arbitration Agreement. *See* Exhibit A, Illinois Employee Arbitration Agreement and Waiver. In pertinent part, the Arbitration Agreement states "[a]ny dispute, controversy, claim, grievance, and/or cause of action that otherwise could be brought in a federal, state, or local court or agency under applicable federal, state, or local laws, arising out of or relating to [Diop's] employment with Dot Foods, Inc. or Dot Transportation, Inc.…shall be submitted to and decided by binding arbitration…in accordance with the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*." *Id.* at ¶ 1.

After entering into the Arbitration Agreement, Diop filed this suit against Defendants as a named plaintiff in a putative class action. *See* Consolidated Class Action Complaint, Case No. 3:26-cv-03019. In his Complaint, Diop alleges that Defendants acted improperly in connection with protecting personal information provided by employees as a condition of their employment.

*Id.* at ¶ 1. Critically, the Complaint expressly states that Diop's claims arise in connection with his employment relationship with Defendant:

- "Plaintiff Youssou Diop is an employee of Defendant." *Id.* ¶ 47.
- "As a condition of employment, Defendant required Plaintiff Diop to provide it with his Private Information." *Id.* ¶ 48.
- "Plaintiffs and the proposed Class Members entrusted their Private Information to Dot solely for the purposes of applying for employment with Defendant and/or as a condition of employment." *Id.* ¶ 32.

Accordingly, Defendants seek an order compelling Diop to arbitrate his claims and staying all proceedings pending arbitration.

## **Argument**

Sections 3 and 4 of the Federal Arbitration Act ("FAA") set out the procedure for a party to enforce its contractual right to arbitrate. Section 4 provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition…for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Section 3 provides that a court "shall on the application of one of the parties stay the trial of the action until such arbitration has been had…" 9 U.S.C. § 3. Together, these provisions require a court to compel arbitration and stay proceedings where the claims asserted are subject to an arbitration agreement. *See Peoples Bank & Tr. v. Greater Nevada Credit Union*, No. 24-CV-3266, 2025 WL 2690303, at *2 (C.D. Ill. Sept. 19, 2025).

### A. Diop should be compelled to arbitrate his claims against Defendants because his claims fall within the scope of the Arbitration Agreement.

The Seventh Circuit recognizes that arbitration may be compelled pursuant to the FAA if the following three elements are shown: a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*,

417 F.3d 682, 687 (7th Cir. 2005). The first requirement is satisfied where, as here, there is a signed arbitration agreement. *Estep v. World Fin. Corp. of Illinois*, 735 F. Supp. 2d 1028, 1030 (C.D. Ill. 2010); *See* Exhibit A. The third requirement is satisfied by the initiation of a lawsuit and is met here due to Diop's assertion of claims via putative class action in this Court. *Hamera v. Best Buy Co.*, 790 F. Supp. 3d 664, 678–79 (N.D. Ill. 2025); *See See* Consolidated Class Action Complaint, Case No. 3:26-cv-03019.

Courts give effect to broad language when determining whether claims fall within the scope of an arbitration agreement. *See Estep*, 735 f. Supp. 2d at 1030. Here, the Arbitration Agreement requires arbitration of all claims "arising out of or relating to [Diop's] employment with [Defendants]." Exhibit A at ¶ 1. This broad language plainly encompasses Diop's claims related to information that was collected as a condition of employment, maintained during the course of employment, and allegedly compromised in connection with Defendants' employment records. Accordingly, the Court should compel Diop to arbitrate his claims. *See* Consolidated Class Action Complaint, Case No. 3:26-cv-03019.

**B. The Court should stay proceedings as to all claims because Plaintiffs assert claims involving common questions of law and fact.**

For the reasons stated above, an order compelling arbitration of Diop's claims is warranted, and the Court is bound by Section 3 of the FAA to stay the proceedings of this action as to Diop pending the resolution of arbitration of his claims. *See* 9 U.S.C. § 3. Further, the Court should stay the proceedings for claims asserted by all Plaintiffs. Although nonarbitrable claims generally don't require an automatic stay, the Seventh Circuit recognizes an exception "when staying arbitrable issues, while allowing nonarbitrable issues to proceed in the district court, risks inconsistent rulings because the pending arbitration is likely to resolve issues to the lawsuit." *Valentine v. Wideopen W. Fin.*, LLC, No. 09 C 07653, 2012 WL 1021809, at *6 (N.D. Ill. Mar. 26, 2012) (quoting

*Volkswagen of America, Inc. v. Sud;s of Peoria, Inc.*, 474 F.3d 966, 973 (7th Cir. 2007)). A stay of all proceedings is "particularly warranted in the class action context" because plaintiffs in class actions necessarily "admit[] that common questions of law and fact predominate." *In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 298 F. Supp. 3d 1285, 1303 (N.D. Cal. 2018). As such, the fact that Diop and the other Plaintiffs bring their claims as a putative class action "weighs heavily in favor" of staying all proceedings, not just those as to Diop's claims. *J.P. on behalf of R.P. v. Educ. Testing Servs.*, No. CV204502PSGPVCX, 2020 WL 10693044, at *15 (C.D. Cal. Oct. 30, 2020).

**Conclusion**

For the reasons stated above, Defendants respectfully request the Court grant Defendants' motion and enter an order: (1) compelling Diop to pursue his claims through individual arbitration in accordance with the terms of the Arbitration Agreement; (2) staying all proceedings in this action as to Diop pending completion of his arbitration, (3) staying all proceedings in this action as to all Plaintiffs pending completion of Diop's arbitration. Defendants further request any additional relief that this Court deems appropriate.

Date: April 10, 2026

By: *_/s/ Jacob B. Harris_*

Jacob B. Harris (ARDC No. 6316550)
jacob.harris@huschblackwell.com

Attorneys for Dot Transportation, Inc.

HUSCH BLACKWELL LLP
33 East Main Street, Suite 300
Madison, WI 53703-3095
608.255.4440
jacob.harris@huschblackwell.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2026, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filling to all counsel of record.

By: */s/ Jacob B. Harris*