E-FILED
Monday, 27 July, 2026 05:54:20 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In re Dot Foods Data Breach Litigation* | Case No. 3:26-CV-03019-CRL-DJQ |

**PLAINTIFF'S MEMORANDUM OF LAW IN**
**OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiffs, Kenny Hunt and Robert Dudenbostal ("Plaintiffs"), respond in opposition to Defendant's Partial Motion to Dismiss the Second, Third, Fourth, and Fifth Causes of Action in the First Amended Consolidated Class Action Complaint (the "FACC").

## STATEMENT OF RELEVANT FACTS

### A. The Parties

Plaintiffs brought this putative class action individually and behalf of all others similarly situated against Defendant Dot Foods, Inc. and Dot Transportation, Inc. (collectively, "Defendant"). FACC ¶ 1. Plaintiffs are current and former employees of Defendant. *Id.* ¶ 8. Defendant is "North America's largest food industry redistributor" in the United States. *Id.* ¶ 19. Defendant exclusively handles the transportation of its products using 1,800 privately owned trucks. *Id.* ¶ 19. The proposed class includes "All individual residing in the United States whose Private Information was compromised in the Dot Foods Data Breach discovered in December 2025, including all those individuals who received notice of the breach." *Id.* ¶ 104.

### B. The Data Breach

Plaintiffs allege Defendant's network systems were accessed between December 3-4, 2025, by unauthorized third parties. *Id.* ¶ 1. Defendant's Breach Notice stated that on December 3, 2025, Defendant "identified suspicious activity involving a small number of email accounts." *Id.* ¶ 2. Defendant launched an internal investigation that determined "certain email messages within the

impacted email accounts were viewed by an unauthorized actor between December 3, 2025, and December 4, 2025." *Id.* ¶ 3. Included as an attachment to one of the accessed email messages included its employees' Private Information. *Id.* Therefore, cybercriminals were able to access Defendant's network systems for a total of two days, which allowed them to steal Plaintiffs' and the Class Member's Private Information. *Id.* Plaintiffs allege "Defendant failed to adequately train its employees on cybersecurity and failed to maintain reasonable safeguards or protocols to protect the Class's Private Information." *Id.* ¶ 6.

On December 15, 2026, Defendant began notifying Class Members about the Data Breach. *Id.* ¶ 7. In its Privacy Policy, Defendant recognized its duty to protect personal information. *Id.* ¶ 23. As a direct result of Defendant's failures, including failing to implement reasonable security measures and failing to properly train its employees on cybersecurity protocols, Plaintiffs and the proposed class have suffered injuries and damages. *Id.* ¶ 24.

**C. Plaintiffs' Injuries**

Plaintiffs allege many injuries resulting from this Data Breach. Plaintiffs' injuries include monetary losses, lost time, anxiety, emotional distress, actual injury from the exposure and theft of their Private Information, diminution in the value of their Private Information, and the imminent and impending injury arising from the increased risk of fraud, misuse, and identity theft. *Id.* ¶¶ 55-61, 79. In addition to these injuries, Plaintiffs and the Class Members have suffered or are at risk of suffering:

a. Loss of the opportunity to control how their Private Information is used;
b. Diminution in value of their Private Information;
c. Compromise and continuing publication of their Private Information;
d. Out-of-pocket costs from trying to prevent, detect, and recover from identity theft and fraud;
e. Lost opportunity costs and wages from spending time trying to mitigate the fallout of the Data Breach by, inter alia, preventing, detecting, contesting, and recovering from identity theft and fraud;

f. Delay in receipt of tax refund monies;
g. Unauthorized use of their stolen Private Information; and
h. Continued risk to their Private Information—which remains in Defendant's possession—and is thus at risk for future[] breaches so long as Defendant fails to take appropriate measures to protect the Private information.

*Id.* ¶ 79.

**D. Plaintiffs' Claims**

Plaintiffs asserted six causes of action against Defendant including: (1) negligence, (2) negligence per se, (3) breach of implied contract, (4) unjust enrichment, (5) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat.§ 505/1 ("ICFA"), and (6) declaratory judgment. *Id.* ¶¶ 114–193. In its Partial Motion to Dismiss, Defendant only challenges the following causes of action: (3) breach of implied contract, (4) unjust enrichment, and (5) violation of the ICFA.[1] Thus, Plaintiffs' remaining claims, negligence and declaratory judgment, will proceed. As set forth below, Defendant is wrong each of Plaintiffs' claims should be allowed to proceed.

**LEGAL STANDARD**

Pursuant to Rule 12(b)(6), plaintiffs need only "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, while allegations must "raise a right to relief above the speculative level," detailed allegations are not required. *Id.* at 555. A claim is plausible when the facts allow the court to draw the reasonable inference that defendant is liable for engaging in the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Gittings-Barrera v. Mem'l Hosp. Ass'n*, No. 4:24-CV-04167-SLD-RLH, 2025 WL 2776142, at *3 (C.D. Ill. Sept. 26,

[1] Defendant also moves to dismiss Plaintiffs'' negligence *per se* claim. Plaintiffs voluntarily dismiss this claim without prejudice.

2025) (citing *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012)). "A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief." *Collins v. OSF Healthcare Sys.*, 262 F. Supp. 2d 959, 961 (C.D. Ill. 2003).

## ARGUMENT

Defendant seeks to dismiss Plaintiffs' claims for negligence *per se*, breach of implied contract, unjust enrichment, and violation of the ICFA. Because Plaintiffs have sufficiently alleged facts in support of their claims, Defendant's Motion to Dismiss should be denied.

### I. Plaintiffs Sufficiently Allege Damages to State Their Breach of Implied Contract Claim.

Defendant incorrectly argues Plaintiffs fail to sufficiently allege damages. Mot. at 4-5. Defendant's arguments fail because it incorrectly assumes that *only* direct out-of-pocket expenses satisfy the damage requirement. The Seventh Circuit has explained, "[T]he value of one's own time needed to set things straight is a loss from an opportunity-cost perspective. These injuries can justify money damages." *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018). Consistent with this principle, other courts applying Illinois law have similarly held time spent mitigating harm arising from a data breach constitutes damages. *See M.C. v. E. Side Health Dist.*, 2025 WL 435992, at *4 (S.D. Ill. Feb. 7, 2025) ("[T]he value of their time spent mitigating identity theft . . . are compensable in a contract action under Illinois law."); *In re Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 587 (N.D. Ill. 2022) ("Because all Plaintiffs plead some type of lost time, they have sufficiently pled economic injuries for the purposes of their implied contract claim."); *Perdue v. Hy-Vee, Inc*., 455 F. Supp. 3d 749, 761 (C.D. Ill. 2020) (court holding that a plaintiff's time spent monitoring his account due to the data breach was an economic injury).

.

Here, Plaintiffs allege precisely those types of injuries. Plaintiffs allege they devoted "considerable amounts of time and money" to mitigate their injuries. *See* FACC ¶¶ 61, 77. Plaintiffs spent time and effort monitoring their accounts to protect themselves from identity theft. *See id.* ¶¶ 55, 61, 71, 77, 79. Under *Dieffenbach*, *In re Gallagher*, and *Perdue*, those allegations are sufficient.

Defendant argues Plaintiffs allege the same injuries rejected in *Flores*. Mot. at 5. That is incorrect. Unlike in *Flores*, Plaintiffs here allege they incurred costs, lost opportunity costs, and lost wages as a result of the Data Breach. *Compare Flores v. AON Corp.*, 2023 IL App (1st) 230140, ¶ 34 *with* FACC ¶ 79. Federal courts recognize Plaintiffs' ability to seek damages under a breach of implied contract theory in the data breach context. *See, e.g.,In re Kemper Sports Mgmt. Data Breach Litig.*, No. 24-CV-8503, 2026 WL 25820, at *6 (N.D. Ill. Jan. 5, 2026) (citing *Olson v. Ferrara Candy Co.*, 2025 IL App (1st) 241126, ¶ 63).

Also, federal courts in Illinois plainly state that dismissal of a breach of contract claim at the pleadings stage for alleged failure to plead damages is premature, because Plaintiffs must be given an opportunity to prove their damages:

> In *Dieffenbach*, the Court observed, "To get damages plaintiffs must *show* ... a culpable data breach .., but the complaint cannot be dismissed before giving the class an opportunity to do so." *Id.* (emphasis added). Similarly, at this stage, Plaintiffs must be given an opportunity to prove their damages, and the Court need not decide at this juncture whether some, all, or any of her claims may be ultimately recoverable. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 832 (Ill. 2005) (observing the "claimant must establish an actual loss *or measurable damages* resulting from the breach in order to recover") (emphasis added). As a result, Plaintiff's breach of express contract claim is not subject to dismissal.

*Doe v. Genesis Health Sys.*, No. 4:23-CV-04209-JEH, 2025 WL 1000192, at *6 (C.D. Ill. Mar. 18, 2025)

Finally, Defendant offers no support to suggest its offering of credit monitoring precludes Plaintiffs from asserting damages. *See* Mot. at 5. As *Diffenbach* recognizes, the value of Plaintiffs' time and costs incurred responding to a data breach are recoverable. Accepting Plaintiffs' well-pled allegations as true, Plaintiffs have sufficiently alleged damages to support their claim for breach of implied contract.

## II. Plaintiffs Unjust Enrichment Claim is Adequately Pled

To state an unjust enrichment claim, "'a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'" *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (quoting *HPI Health Care Servs. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 545 N.E.2d 672, 678-79, 137 Ill. Dec. 19 (Ill. 1989)).

As Defendant points out, Plaintiffs identify two theories to support that Defendant was unjustly enriched: "(1) revenues generated from Plaintiffs' employment; and (2) using Plaintiffs' Employee Information to facilitate business operations." Mot. at 5. Plaintiffs further allege they "would not have entrusted Dot with their highly sensitive Private Information if they had known Dot would fail to take adequate measures to protect it from unauthorized use or disclosure." FACC ¶ 32. Courts have found similar allegations sufficient to allege an unjust enrichment, particularly in the context of a data breach involving an employer-employee relationship. *See, e.g.*, *In re Kemper Sports Mgmt.*, 2026 WL 25820, at *8 (finding plaintiffs sufficiently alleged an unjust enrichment claim against their employer for failing to protect sensitive Private Information).

The only case Defendant cites is unpersuasive. Unlike in *Flores*, Plaintiffs do not solely allege Defendant was unjustly enriched from revenue or using Plaintiffs' Private Information for its business purposes. Rather, Plaintiffs add "Defendant enriched itself by saving the costs they reasonably should have expended on data security measures to secure Plaintiffs' and Class

Members' Private Information." FACC ¶ 164. Courts have held similar allegations sufficient to allege an unjust enrichment claim. *See Foster v. Health Recovery Servs., Inc.*, 493 F. Supp. 3d at 641 (S.D. Ohio 2020) (declining to dismiss unjust enrichment claim in data breach case where defendant failed to safeguard plaintiffs' Private Information); *Bowen v. Paxton Media Group, LLC*, No. 5:21-CV-00143, 2022 WL 4110319, at *8 (W.D. Ky. Sep. 8, 2022) (same).

Defendant's argument should be rejected because it benefits from its employees' labor within its business practice. Similar allegations have survived when involving employee-employer relationships. *See, e.g.*, *Tjahjono v. Westinghouse Air Brake Techs. Corp*., No. 2:23-CV-531, 2024 WL 1287085, at *8 (W.D. Pa. Mar. 26, 2024) (allowing unjust enrichment claim to proceed because "courts view[] the employees' labor as the benefit conferred and the enrichment as the acceptance of that labor while failing to take adequate steps to secure employees' PII"). *Tjahjono* is analogous because Plaintiffs too allege they provided their Private Information to Defendant as a condition of receiving employment. *See* FACC ¶¶ 26, 31-32. It is clear Defendant benefited from Plaintiffs' labor. Accordingly, Plaintiffs' unjust enrichment claim should proceed.

**III. Plaintiffs Sufficiently Allege Damages Under the ICFA.**

Defendant seeks dismissal of Plaintiffs' ICFA claim contending they failed to allege "specific economic damages." Mot. at 6. The Court should reject that argument, as courts have held allegations of out-of-pockets costs are sufficient to allege damages under the ICFA. *See Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 829 (7th Cir. 2018) (finding that a monthly $17 out of pocket payment for a credit-monitoring service she purchased as a result of the data breach "is a form of 'actual damage'");[; *see also Doe v. Fertility Centers of Illinois*, S.C., No. 21 C 579, 2022 WL 972295, at *6 (N.D. Ill. Mar. 31, 2022) ("Here, [plaintiff] alleges that she suffered 'out-of-pocket costs associated with the prevention, detection, recovery, and remediation from

identity theft and fraud.' Under *Dieffenbach*, that suffices to allege actual damages.") (citations omitted).

Just as in *Dieffenbach* and *Doe*, Plaintiffs here allege they suffered or will suffer out-of-pocket costs preventing, detecting, and recovering from identity theft and fraud. FACC ¶¶ 55, 61, 71, 77, 79. *Flores* fails to contemplate the full extent of harm Plaintiffs suffered. In addition to lost time and diminution in value of Private information and an imminent risk of identity theft, Plaintiffs further allege lost opportunity costs and wages as a result of the Data Breach. *Id.* ¶ 79. Such allegations suffice. *See Worix v. MedAssets, Inc.*, 869 F. Supp. 2d 893, 901 (N.D. Ill. 2012) ("The Court concludes that the combination of damages Worix has alleged — a risk of future harm, the cost of credit monitoring, emotional distress, and lost wages — constitutes a sufficient allegation of compensable injury under the ICFA."). Thus, Plaintiffs sufficiently allege damages for their ICFA claim and Defendant's motion should be denied.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request the Court deny Defendant's Partial Motion to Dismiss Plaintiff's Third Cause of Action (breach of implied contract), Fourth Cause of Action (unjust enrichment), and Fifth Cause of Action (violation of the ICFA).

## CERTIFICATE OF COMPLIANCE

The foregoing document complies with the type volume limitation, and contains 2336 words.

Dated: July 27, 2026

By: */s/ Gary M. Klinger*
Gary M. Klinger
**MILBERG PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Raina C. Borrelli
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com

Jeff Ostrow*
**KOPELOWITZ OSTROW P.A**.
1 W. Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
ostrow@kolawyers.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 27th day of July, 2026.

By: */s/ Gary M. Klinger*
Gary M. Klinger